[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2007
THOMAS K. KAHN
CLERK

No. 06-11348
Non-Argument Calendar

_____

D. C. Docket Nos. 05-14047-CR-JEM & 05-14077 CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK TODD RADER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 31, 2007)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Mark Todd Rader pleaded guilty to one count of transporting or mailing a visual depiction the production of which involves the use of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1), one count of using a facility and means of interstate commerce to persuade, induce, entice, or coerce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Rader appeals his 151-month sentence, which consists of concurrent 151-month terms on the first two offenses and a 120-month term for possession of child pornography. Rader argues that his sentence was not reasonable because the record does not demonstrate that the court considered the factors in 18 U.S.C. § 3553(a) and the meritorious sentencing arguments. He further challenges the reasonableness of his sentence on the ground that the district court did not adequately consider his history and characteristics. Rader also appeals the district court's imposition of a $17,500 fine, arguing that the court did not make any specific findings concerning his ability to pay a fine and the record does not contain sufficient evidence to support the $ 17,500 fine imposed, as the court only stated that he could pay while working in prison and there was no evidence that a prisoner's rate of pay could satisfy this fine. For the reasons set forth more fully below, we affirm.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Unreasonableness may be procedural, when the court's procedure does not follow Booker's[1] requirements, or substantive. See United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). When evaluating the reasonableness of a sentence, we consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence. United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006), pet. for cert. filed, (U.S. Oct. 19, 2006) (No. 06-7352). When imposing a sentence, the district court must first correctly calculate the Guidelines. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Second, the district court must consider the following factors to determine a reasonable sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. (citing 18 U.S.C. § 3553(a)). While the district court must consider the

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

3

§ 3553(a) factors, it is not required to discuss each factor. Id. "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Id.

"[T]here is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id. at 788. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and we will not "substitute our judgment in weighing the relevant factors because our review is not de novo." Williams, 456 F.3d at 1363 (citation, quotation marks, and alteration omitted). Although a sentence within the Guidelines range is not per se reasonable, the use of the Guidelines remains central to the sentencing process and we ordinarily expect a sentence within the Guidelines range to be reasonable. Talley, 431 F.3d at 787-88. However, the district court's choice of a sentence is not unfettered. Williams, 456 F.3d at 1363. "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id.

4

With regard to the procedural reasonableness of Rader's sentence, the district court stated that it considered the statements of the parties, the presentence investigation report ("PSI"), the objections, the matters discussed at sentencing, Dr. Susan Bollinger's evaluation and her testimony regarding Rader, the advisory Guidelines, which the court believed must be given great weight, and the § 3553(a) factors. The district court's analysis of the § 3553(a) factors was sufficient. See Talley, 431 F.3d at 786 ("[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker.").

Rader has not met his burden of establishing that his sentence is substantively unreasonable. On appeal, Rader points to his military and civilian careers, his mental and physical conditions, and the evidence he presented that his conduct in committing these offenses was an aberration from his character. The district court was presented with arguments and evidence in support of Rader's good character and the problems he experienced, which he claimed contributed to his aberrant behavior in this offense. Although presented with this evidence, the court was entitled to give greater weight to other § 3553(a) factors. See Williams, 456 F.3d at 1363 ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."). The court rejected

the government's request for a sentence at the middle of the 151 to 188-month

Guidelines range. Instead, Rader received a sentence at the low end of the

Guidelines. The court explicitly discussed the advisory Guidelines and the need to

deter Rader from future criminal conduct. Moreover, despite evidence of Rader's

good character, the "aberrant" behavior does not consist solely of a few days of

conversation with an undercover officer. The evidence includes several links to

the video Rader sent to the undercover officer, a video of an adult male having

sexual contact with a child who appeared to be between two and four years' old,

and 84 images of child pornography that were recovered from Rader's computer.

In this case, we are not "left with the definite and firm conviction" that the district

court's decision to impose a sentence at the low end of the Guidelines was

unreasonable. Williams, 456 F.3d at 1363.

We review the district court's finding that a defendant is able to pay a fine

for clear error. United States v. McGuinness, 451 F.3d 1302, 1307 (11th Cir.

2006). The defendant has the burden of proving an inability to pay. Id.

The Guidelines state that "[t]he court shall impose a fine in all cases, except

where the defendant establishes that he is unable to pay and is not likely to become

able to pay any fine." U.S.S.G. § 5E1.2(a). The court may waive or reduce a fine

if the defendant establishes either "that (1) he is not able and, even with the use of

a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents . . . ." Id. § 5E1.2(e). In determining the amount of the fine, the district court must consider the factors in § 5E1.2(d). These factors include: the defendant's ability to pay, in light of his earning capacity and financial resources; the burden on the defendant and his dependents; whether restitution is ordered; and the need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment and adequate deterrence. Id. § 5E1.2(d). The district court is not required to make express specific findings as to each of these factors. United States v. Hunerlach, 258 F.3d 1282, 1288 (11th Cir. 2001). We will not reverse for failure to make specific findings so long as "the record contains sufficient information with respect to the [§ 5E1.2(d)] factors to permit us to find that the district court did not clearly err in imposing or in setting the amount of the fine . . . ." United States v. Lombardo, 35 F.3d 526, 530 (11th Cir. 1994).

Before imposing a fine, the district court found that Rader was able to pay a fine and the record contains sufficient information to permit our review of the court's finding. In this case, the PSI contained information regarding Rader's financial resources and obligations. Rader provided additional financial

information in his sentencing memorandum and, following imposition of the fine, objected on the ground that he owed a substantial debt to his father. At the beginning of the sentencing hearing, the court indicated that it reviewed the PSI and Rader's sentencing memorandum. Before imposing Rader's sentence, the court stated that it had considered the PSI and Rader's objections. This information is sufficient to permit our review.

After the court imposed a fine, Rader objected and inquired as to whether the court would alter its imposition of a fine based on his "substantial debt" to his father. The court responded: "No. If he can't pay it, he can't pay it. That's a different thing. He pays or he doesn't pay. He's going to be in prison. He's going to be earning minimal, if he wants to work. So he can pay it from what he has." Rader interprets this comment to refer to his ability to pay a fine based on his prison earnings. Although the court's statement is ambiguous, given the context in which it was made, it appears that the court was explaining why Rader's debt to his father did not alter its decision to impose a fine. In any event, Rader's reliance on this comment does not establish that the court clearly erred in imposing a fine. The probation officer concluded that Rader appeared to have the present ability to pay a fine based on his current financial situation. On appeal, Rader makes no arguments as to his ability to pay based on that situation. We have reviewed the

PSI, the information Rader provided regarding his finances in his sentencing memorandum, and his general assertion that he owed a "substantial debt" to his father. The evidence supports the finding that there were assets available for the payment of a fine and that Rader did not meet his burden of establishing his inability to pay. Accordingly, we hold that the district court did not clearly err in finding that Rader was able to pay a fine.

In light of the foregoing, Rader's sentences are

**AFFIRMED.**