[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13716
Non-Argument Calendar

_____

D. C. Docket No. 06-20756-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON CARNICERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 17, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Ramon Carnicero appeals as unreasonable his 151-month sentence imposed after he pled guilty to conspiracy to possess with intent to distribute methylenedioxymethamphetamine hydrochloride ("MDMA"), in violation of 21 U.S.C. § 846. Also, Carnicero appeals his $3,000 fine.

Carnicero first argues that his sentence is unreasonable based on the 18 U.S.C. § 3553(a) factors and because the district court failed to give proper weight to his willingness to cooperate with the government. Additionally, he argues that he was not the supplier of the MDMA, all but one of his prior offenses were committed without indicia of violence, and the district court failed to acknowledge that he had a longtime substance abuse problem and that he had family support available to him.

"We review the sentence imposed by the district court for reasonableness." *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). When reviewing for reasonableness, we are to apply the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. ___, 128 S. Ct. 586, 591 (2007). This abuse-of-discretion review applies to all sentences, "whether inside, just outside, or significantly outside the Guidelines range." *Id.* at ___, 128 S. Ct. at 591.

In reviewing the sentence, we

must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly

2

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

*Id.* at __, 128 S. Ct. at 597. If we conclude that the district court made no procedural errors, we "should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* at ___, 128 S. Ct. at 597; *see also*, *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006) ("After [*United States v.*]*Booker*, [543 U.S. 220, 125 S. Ct. 738 (2005)] a sentence may be reviewed for procedural or substantive unreasonableness."). The Supreme Court has suggested that review for substantive reasonableness under the abuse-of-discretion standard involves inquiring whether the factors in § 3553(a) support the sentence in question. *See Gall*, 552 U.S. at ___, 128 S. Ct at 600 (holding that, if the district court commits no procedural error, the court of appeals should consider "whether the sentence was reasonable—*i.e.*, whether the District Judge abused his discretion in determining that the § 3553(a) factors supported" the sentence.).

Reasonableness review is "deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Talley*, 431 F.3d at 788. The district court need not state on the record that it has explicitly considered

each factor and need not discuss each factor. *Id.* at 786. Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *Id.* The weight accorded to the § 3553(a) factors is within the district court's discretion. *See United States v. Pugh*, ___ F.3d ___, No. 07-10183 (11th Cir. Jan. 31, 2008). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1)-(7).

Because we conclude from the record that the district court properly calculated Carnicero's guideline range, considered the § 3553(a) factors, and imposed a sentence at the bottom of the guideline range, Carnicero fails to show

4

that the district court imposed a procedurally or substantively unreasonable sentence.

Regarding his fine, Carnicero argues that the district court erred by imposing a fine because it was undisputed that he had no ability to pay the fine, the court ordered that the fine be paid immediately, and there was no showing that he would be able to participate in the Inmate Financial Responsibility Program ("IFRP") or that the IFRP would fulfill the court's order that the fine be paid immediately. He contends that, because he was indigent, the immediately payable fine was improper. Additionally, he argues that the record reflects that the court failed to consider the U.S.S.G. § 5E1.2(d) factors and failed to make findings to support its imposition of the fine.

We review the district court's determination of the appropriate fine for clear error. *United States v. Lombardo*, 35 F.3d 526, 527 (11th Cir. 1994). Further, the defendant has the burden of proving inability to pay a fine. *United States v. Hernandez*, 160 F.3d 661, 665 (11th Cir. 1998).

Under the sentencing guidelines, a district court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). Further, the guidelines list the following factors that the district court shall consider in

5

determining the amount of the fine: (1) the need for the combined sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence; (2) the defendant's ability to pay a fine; (3) the burden that the fine places on the defendant and his dependents; (4) any restitution that the defendant must pay; (5) any collateral consequences of conviction; (6) whether the defendant previously has been fined for a similar offense; (7) the expected costs to the government; and (8) any other pertinent equitable considerations. *See* U.S.S.G. § 5E1.2(d). We have held that the sentencing court is not required to make specific findings of fact with respect to the Sentencing Guideline factors as long as "the record reflect[s] the district court's consideration of the pertinent factors prior to imposing the fine." *Lombardo*, 35 F.3d at 530 (internal quotation and citation omitted). Failure to object to the PSI's factual allegations admits those facts for sentencing purposes. *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2096 (2007).

When a district court imposes a fine or other monetary penalty, such penalty is ordinarily payable immediately. *See* 18 U.S.C. § 3572(d)(1). However, a district court may permit payment on a date certain or payment in installments. *Id.* The IFRP was created to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The regulations provide that,

6

when an inmate has a financial obligation, including the fine imposed at sentencing, the Bureau of Prisons ("BOP") staff "shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11.

Because the record reflects that the district court considered the § 5E1.2 factors, and Carnicero failed to show that he would not be able to pay a fine via participation in the IFRP, we affirm the district court's imposition of the fine.

**AFFIRMED.**