[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14145
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00040-CR-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALVARADO-BELTRAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 24, 2009)

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Carlos Alvarado-Beltran ("Alvarado") appeals the district court's order,

requiring him to pay a fine as a condition of his future supervised release, following a revocation hearing.

On December 11, 2000, Alvarado pled guilty to reentry into the United States without inspection after deportation, in violation of 8 U.S.C. 1326(a) and (b), in the United States District Court for the Northern District of Georgia. The district court sentenced Alvarado to 57 months imprisonment, 3 years of supervised release, a $1,000 fine, and a special assessment of $100. Alvarado did not appeal and, after he completed his sentence, he was subsequently deported.

Alvarado eventually returned to the United States, and on November 29, 2007, Alvarado was arrested and charged for conspiracy to possess with intent to distribute less than 50 kilograms of cocaine, in violation of 21 U.S.C. § 846. On April 9, 2008, in the United States District Court for the Western District of Texas, Alvarado was sentenced to 46 months imprisonment and 4 years of supervised release. Alvarado is currently serving this sentence.

On or about May 21, 2008, the United States of America ("Government") filed an amended petition to revoke Alvarado's supervised release in United States District Court for the Northern District of Georgia. Following a revocation hearing, the district court revoked his supervised release and imposed the following sentence: 12 months imprisonment to run consecutive to his term of

imprisonment imposed in federal court in Texas, and 24 months supervised release. As a condition of his supervised release, the district court ordered Alvarado to pay the unpaid balance of the special assessment and fine, stemming from his sentence in 2000.

Here, Alvarado argues that the district court erred by imposing the fine that he received in 2000 as a condition of the supervised release for his 2008 sentence because, according to Alvarado, the district court knew that he: (1) is indigent; (2) has no present or future ability to pay the fine; and (3) is to be deported to Mexico upon completion of his imprisonment.

We normally review a district court's determination of an appropriate fine for clear error. *United States v. Lombardo*, 35 F.3d 526, 527 (11th Cir. 1994) (per curiam). However here, the district court did not impose a sentence on Alvarado. Rather, the district court revoked his supervised release from the 2000 sentence and imposed a new custodial sentence, followed by another term of supervised release with certain conditions, including a requirement to pay the remaining balance of his fine and assessment from the 2000 sentence. Because the district court did not impose a new fine, but instead established the payment of the fine as a condition of Alvarado's supervised release, Alvarado's ability to pay is not directly at issue. Rather, "we review the district court's imposition of a special

3

condition of supervised release for abuse of discretion, so long as the objection was preserved for appeal." *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003) (per curiam). That standard "recognizes that for the matter in question there is a range of choice for the district court and so long as its decision does not amount to a clear error of judgment we will not reverse even if we would have gone the other way had the choice been ours to make." *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001).

With respect to the district court's authority to impose special conditions of supervised release, 18 U.S.C. § 3583(d) provides, in pertinent part:

> The court may order, as a further condition of supervised release, to the extent that such condition –
> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);[1]
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(a);
> any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate . . . .

---

[1] The referenced 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant ((a)(1)); the need for the sentence imposed to afford adequate deterrence to criminal conduct ((a)(2)(B)); the need for the sentence imposed to protect the public from further crimes of the defendant ((a)(2)(C)); and the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner ((a)(2)(D)). 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D).

4

18 U.S.C. § 3583(d) (footnote added); *see also* U.S. SENTENCING GUIDELINES MANUAL § 5D1.3(b) ("The court may impose other conditions of supervised release to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission."); *United States v. Okoko*, 365 F.3d 962, 965 n.5 (11th Cir. 2004) ("Because . . . § 5D1.3 mirrors the language used in this statute, we consider it together with 18 U.S.C. § 3583(d) in reviewing the district court's imposition of a special condition on a supervised release."). We have interpreted section 3583(d) to give district courts the authority to "impose any condition of supervised release it deems appropriate so long as it comports with the factors enumerated in § 3553(a)." *United States v. Zinn*, 321 F.3d 1084, 1089 (11th Cir. 2003). The Guidelines provide that a mandatory condition of supervised release is that a defendant shall pay any fines that have

been imposed but not paid upon release to supervised release. U.S. SENTENCING GUIDELINES MANUAL § 5D1.3(a)(5) (citing 18 U.S.C. § 3624(e)). In addition, any fine "previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation [of supervised release] shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment)." U.S. SENTENCING GUIDELINES MANUAL § 7B1.3(d).

Assuming without deciding that the Appellant's claim presents a ripe issue for us to decide,[2] upon careful review of the record and consideration of the parties' briefs, we discern no reversible error. First, the imposition of the unpaid fine (and the unpaid assessment) as a condition to supervised release following revocation comports with the factors in section 3353(a) insofar as the condition addresses Alvarado's recidivism as well as the need to deter him from misconduct and to protect the public. Second, the fine does not involve a greater deprivation of liberty than reasonably necessary. And third, the imposition of the fine is consistent with policy statements of the Sentencing Guidelines, specifically section 7B1.3(d). Because the district court's imposition of a fine as a condition of

---

[2] *See Zinn*, 321 F.3d at 1088 (determining that imprisoned appellant's challenge to polygraph testing requirement as a condition of supervised release was "neither premature nor speculative" because he would be subject to the challenged condition upon his release from prison).

Alvarado's supervised release was consistent with 18 U.S.C. § 3583(d), the district court did not abuse its discretion. Accordingly, the imposition of the fine is reasonable. We affirm.

**AFFIRMED.**