[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11247
Non-Argument Calendar

_____

D.C. Docket No. 6:16-cr-00220-GKS-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SENA HOWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 11, 2018)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Sena Howell appeals the $7,500 fine the district court imposed after she pled guilty to knowingly using a counterfeit access device with the intent to defraud. After careful review, we affirm.

## I.    BACKGROUND

Pursuant to a plea agreement, Howell pled guilty to knowingly using a counterfeit access device with the intent to defraud, in violation of 18 U.S.C. §§ 1029(a)(1) and (c)(1)(A)(i).  In the plea agreement, Howell agreed to complete and submit to the United States Attorney's Office within 30 days of execution of the agreement an affidavit reflecting her financial condition.  She failed to do so, however, and the probation officer noted this in the presentence investigation report ("PSI") prepared in advance of Howell's sentencing.  The probation officer nonetheless attempted to discern Howell's financial status and recorded available information in the PSI.

The PSI stated that Howell had failed to provide her monthly household expenses but noted that she was a self-employed pastry chef with a Bachelor of Arts degree.  The PSI recounted that Howell made approximately $1,400 to $2,500 monthly and had a strong support system.  It noted that Howell reported that she had never filed income tax returns and had never filed for bankruptcy.  The probation officer pulled Howell's Equifax credit report, which reflected that she had a judgment against her in the amount of $2,000 and 16 collection accounts

concerning unpaid utilities and medical bills.  Howell also owed approximately $41,111 in outstanding student loans.  The PSI stated that based on her failure to provide financial information, Howell had not proven an inability to pay a fine.

The PSI calculated a Sentencing Guidelines range for Howell's offense. The range for her fine was $7,500 to $75,000.  U.S.S.G. §5E1.2(c)(3). The statutory maximum fine was $359,680.78.  A special assessment of $100 and restitution was mandatory. 18 U.S.C. § 3013(a)(2)(A); U.S.S.G. § 5E1.1.  Howell did not object to the PSI.

At sentencing, the district court asked Howell whether she would like to place anything on record regarding the contents of the PSI; defense counsel replied, "there are no unresolved objections."  Doc. 45 at 2.[1]  The district court considered the factors set forth in 18 U.S.C. § 3553(a),[2] including the need for deterrence and protection of the public against identify fraud, and sentenced Howell to 27 months' imprisonment, followed by three years' supervised release, a fine in the amount of $7,500, and restitution.  In imposing the fine, the district

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

[2] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2): the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the defendant's future criminal conduct, and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2).  The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id*. § 3553(a)(1)-(7).

court stated: "Inasmuch as you have refused to give a financial report, the court is going to sentence you to a fine of $7,500[.]" *Id.* at 9.

Following imposition of the sentence, Howell asked to "be heard regarding the financial disclosure that resulted in a $7,500 fine." *Id*. She stated that her nondisclosure was not willful and that she received the "paperwork" after the PSI was completed. *Id*. at 10. Further, Howell said that she understood that she needed to make the financial disclosure. Based on her willingness to disclose the information, she asked the court not to impose the $7,500 fine. The district court informed Howell that it would revisit the fine when it received a financial disclosure to determine if she had the ability to pay the fine. Howell never provided the district court with a financial disclosure, however. Instead, she filed a notice of appeal.

## II.    STANDARD OF REVIEW

We generally review for clear error the amount of a fine a district court imposes. *United States v. Long*, 122 F.3d 1360, 1366 (11th Cir. 1997). For a finding to be clearly erroneous, we must be left with a definite and firm conviction that a mistake has been committed. *United States v. Pierre*, 825 F.3d 1183, 1191 (11th Cir. 2016). The government argues that Howell failed to object to the fine on the ground she now raises. It urges this Court to review only for plain error. To show plain error, the defendant must establish that (1) there was error; (2) the error

was plain; (3) the error affected the defendant's substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007). We need not decide which standard should apply because, as we explain below, Howell cannot show that the district court clearly erred, the more favorable standard of the two.

## III.    DISCUSSION

Howell asserts that the district court clearly erred by imposing a $7,500 fine because it failed to consider the factors for imposing a fine set forth in 18 U.S.C. § 3572(a) and U.S.S.G. § 5E1.2(d). Instead, Howell argues, the district court imposed the fine to punish her for not filing a financial affidavit, as required by her plea agreement. Howell bases her argument on the district court's statement, "[i]nasmuch as you have refused to give a financial report, the court is going to sentence you to a fine of $7,500." Doc. 45 at 9. After careful review, we discern no error.

The defendant has the burden of proving inability to pay a fine. *United States v. Hernandez*, 160 F.3d 661, 665 (11th Cir. 1998). A district court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a).

5

When considering a fine, the district court must conduct a two-part inquiry, determining first whether to impose a fine, and second, if a fine should be imposed, what amount is appropriate.  In deciding whether to impose a fine, the district court must consider the § 3553(a) factors and other relevant factors, including a defendant's income, earning capacity, and financial resources, as well as the burden the fine will impose on any of the defendant's dependents.  18 U.S.C. § 3572(a)(1), (2).  If the district court determines based on these factors that a fine is appropriate, it must consider the factors set forth in U.S.S.G. § 5E1.2 to determine the appropriate amount of the fine.  *See Hernandez*, 160 F.3d at 665. These factors include the need for the sentence to reflect the seriousness of the offense and afford adequate deterrence, the defendant's ability to pay, whether there are restitution requirements, collateral consequences of conviction, any previous fines from similar offenses, the expected costs to the government for the type of sentence imposed, and any other relevant equitable considerations. U.S.S.G. § 5E1.2(d).

The district court is not required to make specific findings of fact with respect to the § 5E1.2 factors as long as the record reflects the district court's consideration of the pertinent factors before imposing the fine.  *United States v. Lombardo*, 35 F.3d 526, 530 (11th Cir. 1994).  When the district court reviews the presentence investigation report before imposing the fine, appellate courts infer

6

that the district court considered the pertinent factors. *United States v. Khawaja*, 118 F.3d 1454, 1460 (11th Cir. 1997).

Here, although the district court made few specific findings of fact, the record reflects that the district court considered the § 3553(a), § 3572, and § 5E1.2(d) factors, as well as the PSI prior to imposing the $7,500 fine. The PSI, which the district court stated it reviewed, contained detailed information pertaining to Howell's ability to pay a fine. The PSI noted that Howell was a self-employed pastry chef with a Bachelor of Arts degree making approximately $1,400 to $2,500 monthly. There is no indication in the PSI that Howell had any dependents, and it noted that she had a stable income and support system. The PSI stated that Howell had the ability to pay the guideline range of $7,500 to $75,000, and Howell did not object to this finding. Furthermore, the district court indicated that it took the relevant factors into consideration by referencing the need for deterrence and to protect the public from identity fraud and imposing the guideline minimum fine amount of $7,500.

In addition, we cannot conclude with a definite and firm conviction that the district court's statement—"[i]nasmuch as you have refused to give a financial report, the [c]ourt is going to sentence you to a fine of $7,500, a special assessment of $100, and no voluntary surrender"—indicates that the court was imposing a fine as a rebuke for failing to provide a financial statement. Doc. 45 at 9. To the

contrary, the district court went on to state that it would revisit the fine when it received Howell's financial disclosure to determine whether she had the ability to pay. Thus, a more reasonable interpretation of these statements is that the district court agreed with the uncontested PSI determination that Howell had the ability to pay a fine and found that she failed to meet her burden of proving otherwise. Rather than punishing Howell for not submitting a financial statement, the district court sentenced her at the bottom of the guidelines range and gave her an opportunity to change the court's mind—an opportunity she failed to take. For these reasons, we discern no error in the district court's imposition of a $7,500 fine.

**AFFIRMED.**