[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12769

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

OCTAVIO OSUNA-OSORIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00349-KKM-CPT-4

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Octavio Osuna-Osorio appeals his sentence of 135 months' imprisonment on the ground that the district court clearly erred by not applying the offense level reduction under U.S.S.G. § 3B1.2(b) for "a minor participant in any criminal activity." Osuna-Osoria argues that the district court did not adequately consider the factors that bear on the applicability of the minor-role reduction. We disagree and affirm.

Osuna-Osorio pleaded guilty to offenses related to his efforts to smuggle cocaine on a boat. He was caught on the boat in international waters with several other men, all of whom were prosecuted. In the district court, Osuna-Osorio argued that he should receive a minor-role reduction under the Sentencing Guidelines because his role was minor compared with others in the broader conspiracy, such as those who grow, package, and own the cocaine:

> I don't think that there's any question that there is a lot of levels within these cases and that the people that are actually on the boat are the most expendable people in this scenario and certainly the least culpable, with the least amount of control, have no ownership stake in the drugs, and in this case he was not even a master, he was really just trying to make sure that the engines would stay running.

After a colloquy with Osuna-Osorio's counsel and the government, the district court overruled Osuna-Osorio's objection with the following statement:

> I mean, clearly, we all know somebody has to grow the drugs and we all know that somebody has to be in charge of the shipping and there are those people out there, but he is being held accountable only for the drugs that were on the vessel, and so for that reason I'm going to overrule the objection and find that he is substantially--- he's not substantially less culpable than the average participant in this boat case or anybody else on the vessel itself.

The district court then imposed a below-guidelines sentence of 135 months.

Osuna-Osorio's sole challenge on appeal is to the district court's determination that he did not qualify for a minor-role reduction. We review a district court's finding that a defendant played more than a minor role in criminal activity for clear error. *See United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). We will disturb a district court's finding about a defendant's role only if "we are left with a definite and firm conviction" that the district court erred. *United States v. Valois*, 915 F.3d 717, 731 (11th Cir. 2019). "The court's choice between two permissible views of the evidence will rarely constitute clear error, so long as the basis of the trial court's decision is supported by the record and the court did not misapply a rule of law." *Id.*

Under Section 3B1.2(b), a defendant is entitled to a two-level reduction if he "was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). This reduction is "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.* § 3B1.2, cmt. n.3(A). The minor-role reduction applies to a defendant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal," i.e., evidencing a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." *Id.* § 3B1.2, cmt. n.4 & n.5. Whether a defendant qualifies for a minor-role reduction depends "on the totality of the circumstances and involves a determination that is heavily dependent on the facts of the particular case." *Id.* § 3B1.2, cmt. n.3(C). A defendant must prove by a preponderance of the evidence that he played a minor role in an offense. *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016).

This Court has identified two principles that aid a sentencing court in determining whether a defendant played a minor role in a scheme. First, a sentencing court should consider "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing." *Id.* (quoting *De Varon*, 175 F.3d at 940) (alteration in original). Second, the court should consider the defendant's role relative to the roles of other participants in that conduct. *Id.* The focus on the relevant conduct for which the defendant is accountable precludes consideration of a defendant's minor role by

comparing him to participants in a larger, uncharged criminal conspiracy. *United States v. Moran*, 778 F.3d 942, 980 (11th Cir. 2015).

Since we identified those two principles, the Sentencing Commission has provided several factors in a non-exhaustive list for sentencing courts to consider when determining whether a defendant should receive a minor-role reduction. *United States v. Presendieu*, 880 F.3d 1228, 1249 (11th Cir. 2018); *see also* U.S.S.G. § 3B1.2, cmt. n.3(C) (listing factors). Those factors are as follows. First, "the degree to which the defendant understood the scope and structure of the criminal activity." *Id.* § 3B1.2, cmt. n.3(C)(i). Second, "the degree to which the defendant participated in planning or organizing the criminal activity." *Id.* § 3B1.2, cmt. n.3(C)(ii). Third, "the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority." *Id.* § 3B1.2, cmt. n.3(C)(iii). Fourth, "the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts." *Id.* § 3B1.2, cmt. n.3(C)(iv). Fifth, "the degree to which the defendant stood to benefit from the criminal activity," such as whether the defendant had a proprietary interest in the activity or was "simply being paid to perform certain tasks." *Id.* § 3B1.2, cmt. n.3(C)(v).

Although our precedent confirms that the two guiding principles remain relevant, our precedent also establishes that a district court misapplies the law if it considers only one of those principles

to the exclusion of the other principle and the factors identified by the Sentencing Commission. *See Presendieu*, 880 F.3d at 1250. Of particular relevance here, we have held that it is reversible error for a district court to deny a minor-role reduction "solely on the ground that [the defendant] was being held accountable only for her own actions as opposed to the broader conspiracy." *Id.* (quotation marks omitted). If a district court fails to adequately consider the relevant factors, the proper course is to vacate the defendant's sentence and remand with direction to consider the defendant's "role in the overall scheme in light of the relevant factors and the totality of the circumstances." *Presendieu*, 880 F.3d at 1250.

Osuna-Osorio argues that the district court here erred by denying Osuna-Osorio the minor role reduction solely on the ground that "he is being held accountable only for the drugs that were on the vessel." We disagree. This case is not like *Presendieu*. The district court here noted that Osuna-Osorio's sentence would punish him only for the drugs on the vessel on which he traveled. But, in doing so, the district court was correctly rejecting Osuna-Osorio's argument that it should consider his role in the broader uncharged conspiracy to grow and distribute the drugs for purposes of assessing a minor role reduction. *See Moran*, 778 F.3d at 980.

Osuna-Osorio also argues that the district court did not adequately consider the individualized circumstances of his case when it found that he was "not substantially less culpable than the average participant in this boat case or anybody else on the vessel

itself." Again, we disagree. During the sentencing hearing, the district court conducted an individualized assessment of Osuna-Osorio's conduct in light of the factors in U.S.S.G. § 3B1.2, cmt. n.3(C). The district court began the discussion of Osuna-Osorio's objection to the lack of a minor role reduction by noting that he was recruited to travel from Mexico to the boat's point of origin, and he was not "just yanked out of the docks or off the beach." It was undisputed that Osuna-Osorio was the mechanic charged with keeping the boat moving. Based on that fact, the district court raised a "concern" that Osuna-Osorio had "some kind of expertise in the engines or . . . some connection with the buyer" and allowed Osuna-Osorio's counsel an opportunity to address that concern. The district court then questioned the government about which participant captained the boat and the sentences that were imposed on other boat participants and their roles in the conspiracy. The district court also inquired about how the various participants were recruited and the amounts of money that were offered to them.

Ultimately, in light of this discussion, the district court concluded that Osuna-Osorio did not establish that he was substantially less culpable than the average member of the boat's crew. Osuna-Osorio does not argue that the district court's fact-finding was clearly erroneous. Although the district court did not expressly walk through the factors in explaining its finding, the Sentencing Guidelines suggest only that the court consider the factors, not that it make specific findings as to the factors. *Cf. United States v. Lombardo*, 35 F.3d 526, 530 (11th Cir. 1994)(holding with respect to restitution guideline, if "the record contains sufficient information

with respect to the seven factors to permit us to find that the district court did not clearly err . . . , then we will not reverse merely because the district court failed to make specific findings on each of the seven factors").

For these reasons, Osuna-Osorio's sentence is **AFFIRMED**.