[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-11750

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WINSTON GREEN,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20548-CMA-1

————————————————

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Winston Green pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. section 922(g)(1). He was sentenced to 60 months of incarceration and three years of supervised release. He appeals his sentence, arguing that the district court clearly erred in imposing a $6,000 fine. The government agrees with Green that the district court erred. We agree with Green as well. Because the record does not provide sufficient evidence for us to assess whether Green's fine was appropriate, we vacate Green's sentence and remand to the district court.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As part of his plea, Green signed a factual proffer in which he admitted that he had been physically violent towards a woman in the presence of her young child. When the police arrived in response to a 911 call about the altercation, Green consented to a search, and the officer found a gun in his pants pocket. Green admitted that he knew he had been convicted of a felony and knew he did not have a right to possess the firearm at the time he possessed it.

A probation officer prepared Green's presentence investigation report, which set his base offense level at 24 under the United States Sentencing Guidelines section 2K2.1(a)(2), because he committed the offense after being convicted of a felony crime of violence and a felony-controlled substance offense. The PSI then

subtracted three levels for acceptance of responsibility, resulting in a total offense level of 21. Based on a total offense level of 21 and a criminal history category of IV, the PSI found Green's guideline imprisonment range to be 57 to 71 months, with a maximum term of imprisonment of 180 months. The statutory term of supervised release was a maximum of three years, and the guideline term of supervised release was one to three years.

The PSI calculated the statutory maximum fine at $250,000, and the guideline fine range at $15,000 to $150,000. The PSI also concluded that Green "does not have the ability to pay a fine." It noted that Green had to support a minor child, owned no real property or vehicles, did not have a bank account, and had no income since he had been in government custody for the previous eight months. He had "no notable employment history" except for a short time working jobs through a temp agency in 2013 or 2014. As for his education, he had completed eleventh grade and was pursuing his general education diploma at the time of his arrest. He had no special training or licenses. Thus, the PSI concluded that Green's entire net worth consisted of $30 donated by family and friends into his federal detention center commissary account. Neither Green nor the government objected to the PSI, although Green did move for a downward variance.

At sentencing, the district court reviewed the presentence investigation report, considered the statutory factors, and adopted the PSI's calculated guideline range of 57 to 71 months. It sentenced Green to 60 months' imprisonment, to be followed by three

years of supervised release.  The district court noted Green's extensive criminal history, his history of drug abuse, and his "anger control problem."  It explained that it imposed the sentence because of Green's "history and characteristics," the "nature and circumstances of the offense conduct," the "need to promote respect for the law," the "need to deter [Green] from future criminal conduct," and to "get the message across that [Green] cannot possess a firearm or ammunition."

The district court also imposed a $6,000 fine as a "special condition" to be paid "over the period of time that you are under the court's supervision."  It explained that the fine would be "collected from funds that [Green] ha[s] at the Bureau of Prisons and thereafter while [he is] working on supervision."

Green, through counsel, objected to the fine, arguing that because "[h]e [wa]s homeless" and "doesn't have any assets or any money or any income," he could not pay the fine.  The district court responded that it "understand[s] he has some money in the commissary right now that friends deposit for him."  Moreover, the district court explained that, "thereafter when he works, he will be working and supervised for a 36-month period of time; over 36 months, he is to pay a monthly sum."

## DISCUSSION

On appeal, Green argues—and the government agrees—that the district court clearly erred by imposing a fine after Green offered evidence to establish that he was indigent and objected to the fine.  Both parties cite the guidelines' exception to the

requirement that a district court impose a fine "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). As we explain below, we agree the district court clearly erred.

"We review the district court's decision that [the d]efendant is able to pay the fine for clear error." *United States v. Gonzalez*, 541 F.3d 1250, 1255 (11th Cir. 2008) (citing *United States v. McGuinness*, 451 F.3d 1302, 1307 (11th Cir. 2006)). The defendant bears the burden of proving his inability to pay. *See id.*

As already noted, a court must "impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). If a sentencing court determines that a fine is appropriate, it should impose a fine within the range specified by section 5E1.2(c), and after considering the factors listed in section 5E1.2(d). Those factors are: the need for the combined sentence to reflect the seriousness of the offense, any evidence of the defendant's ability to pay a fine (including his income, earning capacity, and other financial resources), the burden a fine would impose on the defendant and his dependents, whether the court also ordered restitution, any collateral consequences of the defendant's conviction (including civil obligations arising from the defendant's conduct), whether the defendant previously had been fined for a similar offense, the expected costs to the government of the defendant's term of probation or imprisonment, and any other pertinent equitable

considerations.  *See id.* § 5E1.2(d); *see also United States v. Lombardo*, 35 F.3d 526, 528–29 (11th Cir. 1994).

"While some circuits require that the district court make specific findings, we have adopted the less rigid approach, and do not require the sentencing court to make specific findings of fact with respect to the Sentencing Guideline factors as long as the record reflects the district court's consideration of the pertinent factors prior to imposing the fine." *United States v. McNair*, 605 F.3d 1152, 1233 (11th Cir. 2010) (citing *United States v. Hernandez*, 160 F.3d 661, 665–66 (11th Cir. 1998)); *see also United States v. Khawaja*, 118 F.3d 1454, 1459 (11th Cir. 1997) ("Explicit findings on these factors are not required . . . .). We "merely require[] that the record reflect the district court's consideration of the pertinent factors prior to imposing the fine." *Lombardo*, 35 F.3d at 530.  The record must ultimately contain "sufficient information with respect to the seven factors to permit us to find that the district court did not clearly err in imposing or setting the amount of the fine." *Id.*  At the same time, "[i]f the record does not reflect the district court's reasoned basis for imposing a fine, we must remand the case so that the necessary factual findings can be made." *McNair*, 605 F.3d at 1233 (quoting *Gonzalez*, 541 F.3d at 1256).

The PSI, which the district court reviewed and adopted, reported facts relevant to the section 5E1.2(d) factors, including Green's net worth, which it calculated to be $30, as well as the fact that Green owned no real property or assets, had no bank account, had a history of working only temp jobs for a couple of years, and

needed to support a minor child. He had not completed high school and did not yet have his GED. When not incarcerated, Green stated that he is homeless.

Despite all of this, the district court imposed a $6,000 fine, reasoning that Green could pay the fine while working under supervised release. But we cannot conclude from the record how the district court expects Green to pay the fine. *See United States v. Long*, 122 F.3d 1360, 1367 (11th Cir. 1997) (upholding a fine where the district court specified that a defendant who had been previously gainfully employed could make monthly payments of $56 towards a $2,000 fine during supervised release). The district court must give some reason why it is levying a fine after adopting the PSI's factual finding that Green cannot pay a fine. Thus, because the record does not include sufficient evidence to support the district court's fine, we vacate Green's sentence and remand to the district court for it to make any necessary findings.

**SENTENCE VACATED and REMANDED.**