**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Michael ROWLAND,**
**Defendant–Appellant.**

No. 89–3264.

United States Court of Appeals,
Eleventh Circuit.

July 23, 1990.

Armando Garcia, Tallahassee, Fla., for defendant-appellant.

R. Timothy Jansen, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before KRAVITCH, Circuit Judge, RONEY * and ALDISERT **, Senior Circuit Judges.

RONEY, Senior Circuit Judge:

Defendant James Michael Rowland pled guilty to attempting to possess with intent to distribute less than fifty kilograms of marijuana. 21 U.S.C.A. §§ 841, 846. On appeal, he asserts two errors relating to his sentence: (1) the district court should have awarded him a reduction in the sentence for his acceptance of responsibility, and (2) the district court imposed an excessive fine. We affirm as to the first issue, but vacate the fine, and remand for further proceedings.

Rowland and another person were arrested when they attempted to purchase thirty-five pounds of marijuana at a meeting with undercover law enforcement agents. The agents seized $35,000 in cash that Rowland had brought to the meeting to make the purchase.

### Acceptance of Responsibility

In asking the court to award a two-point reduction in the offense level corresponding to his crime, for acceptance of responsibility, U.S.S.G. § 3E1.1, the defendant relied solely on his guilty plea. The sentencing judge then denied Rowland's request, stating:

> I think under the facts of this case, there is nothing to indicate that he's entitled to a two point reduction for acceptance [of] responsibility.
>
> All that can be said is that he plead guilty. Although that is something the court can consider, I don't find it is, in and of itself, in this instance, ... sufficient to give him a two level credit.
>
> So, I adhere to the findings of the probation officer in that respect.

A guilty plea does not automatically entitle a defendant to a reduction for accept-

ance of responsibility. § 3E1.1 application note 3. The district judge allowed Rowland ample opportunity at the sentencing hearing to demonstrate that he deserved an award under § 3E1.1., and the judge accorded evidentiary weight to the guilty plea. The sentencing judge's determination is entitled to deference from this Court, and is not clearly erroneous. *See United States v. Spraggins*, 868 F.2d 1541, 1543 (11th Cir.1989).

Rowland argues that the district court denied his request because he would not reveal information relating to other criminal conduct. Rowland contends that this amounts to a violation of his Fifth Amendment right against self-incrimination.

The factual premise of this argument is doubtful. The district judge's comment, on which Rowland seizes, was made after the judge's ruling as to acceptance of responsibility, and was apparently not directly related to the § 3E1.1 issue. In any event, we have rejected the argument made by a defendant who testified to his innocence at trial, that § 3E1.1 violates a defendant's right against self-incrimination by requiring him to confess perjury to receive benefits of this section. *United States v. Henry*, 883 F.2d 1010 (11th Cir.1989). In discussing whether a defendant was penalized for an exercise of Fifth Amendment rights, several courts have restated our point in *Henry*, 883 F.2d at 1011, that § 3E1.1 is not a penalty or sentence enhancement provision, but is rather a section providing for leniency under certain statutorily prescribed conditions. *See, e.g., United States v. Rogers*, 899 F.2d 917, 924 (10th Cir.1990); *United States v. Gonzalez*, 897 F.2d 1018, 1021 (9th Cir.1990); *United States v. White*, 869 F.2d 822, 826 (5th Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989).

In *United States v. Perez–Franco*, 873 F.2d 455 (1st Cir.1989), where the defendant pled guilty to one count of a multiple-

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Ruggero J. Aldisert, Senior U.S. Circuit Judge for the Third Circuit, sitting by designation.

count indictment pursuant to a plea agreement but refused to admit responsibility for the offenses in the other counts, the district court declined to award an adjustment for acceptance of responsibility strictly on the theory that § 3E1.1 required the defendant to accept responsibility for *all* charged offenses. The First Circuit reversed, holding that § 3E1.1 did not contain such a requirement, and opining that the district court's ruling violated the defendant's right against self-incrimination. 873 F.2d at 461–64; *see also United States v. Guarin,* 898 F.2d 1120, 1123–24 (6th Cir. 1990) (Jones, J., concurring). Rowland argues *Perez–Franco* applies here. We disagree. As the Sixth Circuit has said: *"Perez–Franco* is instructive only when, absent the district court's allegedly illegitimate expectation, there is clear evidence that the defendant actually accepted responsibility." *Guarin,* 898 F.2d at 1122. It is inapplicable to this case where there is no evidence aside from the guilty plea that Rowland accepted responsibility.

### Imposition of Fine

Although the probation officer did not recommend a fine, nor did the Government request one, the sentencing judge imposed a $50,000 fine on the following reasoning:

Mr. Rowland, I read your P.S.I.

I wish you would tell us a little more. For instance I would like to know where you got thirty-five thousand dollars when your P.S.I. shows you don't have thirty-five hundred dollars available.

It leads me to one conclusion, and that is that the information available to me as to your assets is incorrect and that you have undisclosed assets somewhere.

And I am going to take that into consideration in the imposition of a fine.

You are certainly entitled to have every right to not make any comments to the probation officer. I would be remiss if I held that against you, I don't.

I am just telling you, I have lack of information on your side and you are not here giving me any more.

So I have the fact that you came from Valdosta, Georgia for the purpose of buying thirty-five pounds of marijuana to take back and distribute upon the streets of Valdosta, Georgia, for monetary gain.

And apparently, from the P.S.I., you either have sums of money out there that you are hiding or is available to you.

I am going to count it up to you as being your money, since you have not told me anything to disabuse me from that.

The Sentencing Guidelines mandate that the district court impose a fine in all cases, except when the defendant has established

—that he is unable to pay a fine, even over time, or

—that the fine would unduly burden his dependents.

§§ 5E4.2(a), (f). The sentencing court should refer to the table setting amounts of fines for different offense levels, then consider seven listed factors, including any pertinent equitable concerns, in deciding the amount of the fine to impose within the range. § 5E4.2(c)(3), (d).

■ One of the factors that the district court must consider in this analysis is the defendant's ability to pay a fine within the range. § 5E4.2(d)(2). If the defendant proves that he is unable to pay such a fine, even over time, then the district court may impose a fine below the applicable range, or no fine at all. § 5E4.2(f). *United States v. Walker,* 900 F.2d 1201, 1206 n. 5 (8th Cir.1990). The district court's determination of the appropriate fine thus involves factual issues, including the defendant's ability to pay the fine imposed, at least over time. As with all factual issues under the guidelines, this determination is entitled to deference and can be reversed only if it is clearly erroneous. 18 U.S.C.A. § 3742(d); *Walker,* 900 F.2d at 1205.

■ The district court's determination that Rowland could pay a fine of $50,000 was based solely on the fact that he had $35,000 in his possession at the time of his arrest. The law enforcement authorities have seized the $35,000. Assuming that this money belonged to Rowland, a fact about which there is no evidence, he no longer has access to it to pay a fine. The

624

record appears to contain no other evidence that Rowland is able to pay a fine of this magnitude, either immediately or in the future. The presentence report stated that Rowland had less than $8,000 in assets. Before incarceration, he earned only approximately $100 to $125 per week from a car restoration business. The defendant has periodic child-support obligations. Counsel was appointed to represent Rowland in the proceedings in this case, as a result of his alleged inability to pay for counsel of his own choice.

Evidence that a defendant has failed to disclose the existence of assets to the court, may support a determination that the defendant is able to pay a fine with those undisclosed assets. *Cf.* § 5E4.2 application note 6 (fact that defendant has failed to disclose assets may justify imposition of a fine in excess of range established in table). Like any other factual finding, however, this determination must be reasonably supported by probative evidence. Various types of evidence have been held to support such a finding. *See United States v. Fabregat,* 902 F.2d 331 (5th Cir. 1990) (defendant had significant amount of money, possessed valuable professional skills, and was member of wealthy family); *United States v. Hays,* 899 F.2d 515, 518 (6th Cir.1990) (defendant's financial ledgers listed large amounts of money, location of which was unknown); *United States v. Allen,* 886 F.2d 143, 146 (8th Cir.1989) (defendant purchased expensive car immediately prior to sentencing); *United States v. Roberts,* 881 F.2d 95, 103 (4th Cir.1989) (presentence report recited substantial assets, of which defendant denied ownership). In this case, however, the record reflects virtually no evidence before the sentencing judge to suggest that Rowland had any undisclosed assets. Accordingly, we vacate the fine imposed and remand to the district court for further consideration of this issue in compliance with the Sentencing Guidelines.

AFFIRMED in part, VACATED and REMANDED in part.