[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

____________________

No. 92-2406 

EFRIAM NATANEL,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

____________________

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, 
U.S. District Judge
]

____________________

Before

 Breyer, 
Chief Judge
,

Torruella and Cyr, 
Circuit Judges
.

____________________

Efriam Natanel
 on brief pro se.

A. John Pappalardo
, United States Attorney, and 
Stephen P. Heymann
, Assistant United States Attorney, on brief for appellee.

____________________

May 14, 1993

____________________

Per Curiam
United States
 v. 
Natanel
, 938 F.2d 302 (1st Cir. 1991), 
cert. denied
 We affirm.

As the crime here occurred in May 1987, the court imposed the fine pursuant to the applicable pre-Guidelines statute. 
See

2:
Section 3622(a) provided in relevant part:

(a) In determining whether to impose a fine and the amount of a fine, the court shall consider, in addition to other relevant factors--

....

(7) the need to deprive the defendant of illegally obtained gains from the offense ....

 Petitioner argues that the sentencing court failed to explain its reasons, pursuant to these criteria, for imposing the fine. He argues that the court specifically failed to consider his financial status. And he argues that the court abused its discretion in imposing the fine in the face of his demonstrated inability to pay it. We find these assertions unpersuasive.
3:
The government argues, and the district court found, that petitioner waived this issue, having failed both to object thereto at sentencing and to raise it on direct appeal. 
See
, 
e.g.
, 
United States
 v. 
Frady
See
, 
e.g.
, 
Murchu
 v. 
United States
, 926 F.2d 50, 53 n.4 (1st Cir.) (per curiam), 
cert. denied
, 112 S. Ct. 99 (1991).

Contrary to petitioner's first contention, this court has held (in accordance with the majority of other circuits) that "specific findings ... are not mandated by section 3622(a)," so long as the record otherwise "enables adequate appellate review." 
United States
 v. 
Wilfred American Educ. Corp.
see also
 
United States
 v. 
Savoie
, 985 F.2d 612, 620 (1st Cir. 1993) (adopting same rule in Guidelines case). His second assertion--that the court failed to consider his financial status--is equally misplaced. The presentence report (PSI) addressed this issue at some length, and "[w]e will not presume that the district court declined to consider the relevant section 3622(a) evidence contained in the record." 
Wilfred American

United States
 v. 
Weir
, 861 F.2d 542, 545 (9th Cir. 1988), 
cert. denied
, 489 U.S. 1089 (1989) (quoted in 
United States
 v. 
Penagaricano-Soler
, 911 F.2d 833, 847 n.17 (1st Cir. 1990)). Moreover, petitioner's attorney raised this very issue when addressing the court immediately prior to the imposition of sentence.

consider
 a defendant's financial condition, but to ensure that any fine imposed is reasonably consistent with his ability to pay. We need not decide whether such a requirement can be read into the statute, for (assuming 
arguendo
 that it can be) we think the fine here is consistent therewith. To be sure, petitioner appears to lack the present ability to pay $20,000. The PSI, reciting financial data submitted by petitioner, lists total liabilities exceeding $81,000 along with negligible assets.
4:
According to the PSI, petitioner's principal liability is a $49,000 obligation to the state welfare department for past child support. He is also described as having over $30,000 in outstanding loans from four family members, apparently to help pay for legal expenses. (To what extent these loans covered such reimbursable matters as bail bond is not indicated.) 

 And while the government argues that petitioner retained some undisclosed assets (in the form of his share of the drug proceeds),
5:
Relying on 
United States
 v. 
Wells Metal Finishing, Inc.
, 922 F.2d 54, 58 (1st Cir. 1991), the government now contends that the court's action also constituted an implicit finding that petitioner had access to undisclosed assets. We need not decide this matter. Even if the government were correct in this regard, 
but cf.
 
United States
 v. 
Rowland
, 906 F.2d 621, 624 (11th Cir. 1990) (finding of undisclosed assets "must be reasonably supported by probative evidence"), it would matter little. The government acknowledges that it is unclear what portion of the proceeds was paid to petitioner. And given the government's commendably candid portrayal of petitioner, at sentencing, as "a low-level member of the distribution chain," it is fair to infer that his share was less than substantial. Even if he retained access to such funds, therefore, that fact would make little difference.

 these would fall well short of overcoming the reported deficit in his personal finances.

6:
Petitioner is reported to have left school (in Israel) in the 7th or 8th grade. While he speaks English well, he can read it only "a little." In the aftermath of a work injury, he suffers from recurring (but non-disabling) back pain which requires daily medication. And he is now approximately 57 years of age. 

 the district court could reasonably have believed that petitioner had "at least a hope" of being able to pay the fine imposed. 
United States
 v. 
Mahoney
, 859 F.2d 47, 52 (7th Cir. 1988) (restitution order under similarly worded statute). 

It is also noteworthy that petitioner was facing a fine of up to $2,000,000. The imposition of a fine 1/100th that size obviously reflects an appreciation of his financial status. 
See
, 
e.g.
, 
United States
 v. 
Pilgrim Market Corp.

See
, 
e.g.
, 
United States
 v. 
Levy

Affirmed
.