[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11940
Non-Argument Calendar

_____

D. C. Docket No. 05-00007-CR-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVE WADE LAMBERT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 8, 2007)**

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Steve Wade Lambert appeals the $1,000 fine imposed as part of his total

sentence for illegally possessing a firearm, in violation of 18 U.S.C. § 922(g). We AFFIRM.

## I. BACKGROUND

Lambert pled guilty to one count of possession of a firearm after previously having been convicted of a felony, in violation of § 922(g).[1] When the police searched Lambert's house, following an altercation between Lambert and a neighbor, they located 10 guns and 1,099 rounds of ammunition.

With a total offense level of 15, and a criminal history category of I, the probation officer calculated an advisory Sentencing Guidelines range of 18 to 24 months of imprisonment and a fine range of $4,000 to $40,000. His Presentence Investigation Report ("PSI") shows that (1) Lambert was completely disabled as a result of an accident in 1985, and (2) the Social Security Administration showed no FICA earnings for him for the years 1993 to 1997 and 1999 to 2006. In 1998, Lambert's earnings totaled $1,864.38. Lambert (1) filed for bankruptcy in 1998, (2) had no outstanding debts, and (3) had two assets, his truck and the land on which he lived, which together were worth $40,000. Lambert provided information showing that his monthly income from Social Security disability benefits and food stamps was $1,279, but he had a negative monthly cash flow of

---

[1] Lambert was represented by a federal defender, both in the district court and on appeal.

2

$111. The probation officer concluded that it was unlikely that Lambert could pay a fine within the Guidelines range, but that he possibly could make payments through the Bureau of Prisons' Inmate Financial Responsibility Program ("BOP Program"). The probation officer recommended a sentence of 21 months of imprisonment and a fine of $1,000.

At sentencing, the district judge adopted the PSI, and Lambert's counsel requested a sentence below the advisory Guidelines range because of Lambert's physical disability. The judge sentenced Lambert to 24 months of imprisonment and imposed a $1,000 fine, noting that "[t]he defendant may make payments from any wages he may earn, if able to do so, in prison." R5 at 14. Lambert's counsel objected to the fine based on Lambert's inability to pay a fine and to DNA testing being a condition of his supervised release. Although the objection to the fine was not explicitly addressed, the judge apparently overruled it when it overruled Lambert's objection to the DNA testing as a condition of his supervised release. Id. at 15-16.

## II. DISCUSSION

On appeal, Lambert argues that the district judge abused his discretion when he imposed a $1,000 fine because Lambert did not have the ability to pay it. He asserts that (1) he has been disabled since 1985, (2) since that time, his sole source

3

of income, with one exception, has been Social Security benefits, (3) his only assets are his truck and his home, (4) after expenses, he has a monthly deficit of $111, and (5) he is represented by a federal defender. Accordingly, he contends that he does not have the present ability to pay the fine. Because of his disability, he argues that he will be unable to pay the fine, even under a payment schedule, because he will be unable to perform manual labor in prison to contribute to the fine.

He also asserts that the fine will impose a burden on his family, because their sole means of support are his Social Security benefits, which will be suspended while he is imprisoned. Citing United States v. Rowland, 906 F.2d 621 (11th Cir. 1990), he argues that, under these facts, it was an abuse of discretion for the judge to have imposed a fine. Finally, he contends (1) that the district judge erred when he failed to consider the U.S.S.G. § 5E1.2 (Nov. 2005) factors in imposing his fine, and (2) that there was no factual support for the imposition of the fine.

We review a district court's imposition of a fine for clear error. United States v. McGuinness, 451 F.3d 1302, 1307 (11th Cir. 2006) (per curiam). "'The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine [] even with the

4

use of a reasonable installment schedule.' [The] [d]efendant has the burden of proving inability to pay." Id. (quoting U.S.S.G. §§ 5E1.2(a), (e)(1)).

"When a fine is found to be appropriate, the sentencing court must 'refer to the table setting amounts of fines for different offense levels, then consider seven listed factors, including any pertinent equitable concerns, in deciding the amount of the fine to impose within the range.'" United States v. Paskett, 950 F.2d 705, 709 (11th Cir. 1992) (citation omitted). The Application Notes to § 5E1.2 state that "the fact that a defendant is represented by (or was determined eligible for) assigned counsel [is a] significant indicator[ ] of present inability to pay any fine. In conjunction with other factors, [it] may also indicate that the defendant is not likely to become able to pay any fine." U.S.S.G. § 5E1.2 cmt. n.3. In Paskett, we vacated a $100,000 fine and concluded that the record was insufficient to allow review when the district judge failed to discuss explicitly the § 5E1.2 factors. Paskett, 950 F.2d at 709.

Because this case presents a close question, the district judge did not clearly err in imposing the $1,000 fine. First, Lambert did not raise any objections to the fine, or any arguments concerning his inability to pay it, until after the judge imposed his fine. R5 at 2-15. He stated only that he did not have the ability to pay the fine. Id. at 15. Although there was information regarding his financial status

in his PSI, Lambert did not bring this information to the court's attention. Lambert's general objection, unsupported by any proffered facts or evidence, was insufficient to meet his burden to prove his inability to pay the fine. McGuinness, 451 F.3d at 1307.

Second, although it appears that the district judge implicitly overruled Lambert's objection to the fine, he did not discuss the fine at all, even after Lambert objected to it. Id. at 15. We have held that, when a district judge fails to discuss explicitly the § 5E1.2 factors, we are required to remand for resentencing. See Paskett, 950 F.2d at 709. At sentencing, the district judge noted that Lambert's fine could be paid in accordance with the BOP Program, if he were able to work in prison, which indicates that the judge had considered Lambert's disability when he imposed the fine. R5 at 14.

Third, there are conflicting facts in the record concerning Lambert's ability to pay the fine. The undisputed facts contained in the PSI show that (1) Lambert has been disabled since 1985, (2) his family's sole means of support are the Social Security benefits that he and his son collect, (3) his sole assets, collectively worth $40,000, are his truck and the land on which he lives, and (4) he incurs a monthly deficit of $111. The record also shows that he has at least one other asset, namely, the guns that led to his crime in this case. Lambert possessed 10 firearms and over

6

1,000 rounds of ammunition.

Lambert cites Rowland for the proposition that the district judge abused his discretion because the evidence does not support the fine imposed. In Rowland, the convicted defendant had been arrested when he tried to make a large marijuana purchase from undercover law enforcement agents. Rowland, 906 F.2d at 622. At the time when he was arrested, he had $35,000 in cash, which the government later seized, and his PSI indicated that he earned only $100 to $125 a week, had $8,000 in assets, and had child support obligations. Id. at 622, 624. Reasoning that the defendant had $35,000 when he was arrested, and, therefore, had undisclosed assets that could be used to pay the fine, the district judge imposed a $50,000 fine. Id. at 623. We vacated the fine and held that it was not reasonably supported by probative evidence, because there was no evidence that Rowland owned the $35,000. Id. at 624. Rowland, however, is distinguishable from this case. First, Lambert received a $1,000 fine, not a $50,000 fine, which he is more likely to be able to pay, even with his limited financial resources. Second, Lambert apparently did have undisclosed assets, namely, the firearms.

Because Lambert presented no facts to the sentencing judge showing that he was unable to pay the fine, and there is some evidence that he had assets that could be used to pay it, Lambert failed to meet his burden of proving that he could not

7

pay the fine. <u>McGuinness</u>, 451 F.3d at 1307. Accordingly, the district judge did not clearly err in imposing the fine.

## III. CONCLUSION

Lambert has appealed the $1,000-fine portion of his sentence following his plea to § 922(g), possession of a firearm after previously having been convicted of a felony. Because he did not prove that he was unable to pay the fine and there was some evidence in the record that he had assets that could be used to pay it, the district judge did not clearly err in imposing his fine. Therefore, the imposition of Lambert's $1,000 fine is **AFFIRMED.**