[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10458
Non-Argument Calendar

_____

D. C. Docket No. 06-00026-CR-BAE-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KRYSTAL COLLINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 18, 2009)

Before DUBINA, Chief Judge, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Krystal Collins appeals the district court's imposition of a $3,000

fine as part of her sentence for conspiracy to possess with the intent to distribute, and to distribute, 50 grams of cocaine base ("crack cocaine") and 5 kilograms of cocaine hydrochloride ("powder cocaine"), in violation of 21 U.S.C. § 846. On appeal, Collins argues that the district court plainly erred by finding that she had the ability to pay a fine and by imposing the $3,000 fine without articulating its consideration of the factors under U.S.S.G. § 5E1.2(d) (2007).

When a defendant does not object to a fine, as in the present case, we will only reverse for plain error. *United States v. Hernandez*, 160 F.3d 661, 665 (11th Cir. 1998). Accordingly, Collins must establish that (1) an error occurred, (2) the error was plain, and (3) it affected her substantial rights. *United States v. Beckles*, 565 F.3d 832, 842 (11th Cir.), *cert. denied*, ___ S. Ct. ___ (U.S. Oct. 5, 2009) (No. 09-5482). If these three conditions are satisfied, we may notice a forfeited error, but only if (4) such error seriously affected "the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal quotation marks omitted).

Pursuant to the Sentencing Guidelines, a district court is required to impose a fine unless the defendant satisfies her burden of establishing that she is unable to pay a fine. U.S.S.G. § 5E1.2(a); *Hernandez*, 160 F.3d at 665. If the defendant is unable to pay a fine within the guideline range, "the district court may impose a fine below the applicable range, or no fine at all." *United States v. Rowland*, 906

2

F.2d 621, 623 (11th Cir. 1990).  The court must consider the following factors in determining such an amount:

> (1) the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence;

> (2) any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;

> (3) the burden that the fine places on the defendant and his dependents relative to alternative punishments;

> (4) any restitution or reparation that the defendant has made or is obligated to make;

> (5) any collateral consequences of conviction, including civil obligations arising from the defendant's conduct;

> (6) whether the defendant previously has been fined for a similar offense;

> (7) the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed; and

> (8) any other pertinent equitable considerations.

U.S.S.G. § 5E1.2(d).

The district court is not required to make specific findings regarding the factors as long as the record reflects that it considered them in imposing a fine. *Hernandez*, 160 F.3d at 665-66.  Where the defendant does not object to the fine,

the court has "no notice of the need to make further findings." *Id.* at 666. If the record does not provide any guidance as to the court's reasons for imposing a fine, however, we must remand for it to make the necessary factual findings. *Id.*

In *Hernandez*, the presentence investigation report ("PSI") stated that the defendant did not have the ability to pay a fine within the guideline range, but the district court imposed a fine of $3,000 on each of 3 counts, totaling $15,000. *Id.* at 665. We held that, while the record did not indicate what § 5E1.2(d) factors the district court relied on, it did not plainly err by imposing the fine because (1) the defendant owned a $500,000 home and a $500,000 yacht prior to filing for bankruptcy, (2) the PSI indicated that he was waiting for the bankruptcy proceedings to conclude to accept the remaining payments from the sale of a fast-food franchise, and (3) he did not willingly answer the probation officer's questions about his financial dealings, from which it could be inferred that he had concealed assets. *Id.* at 666.

In another case, we held that the district court's imposition of a $2,000 fine payable at a rate of less than $56 per month was not clear error where the district court considered the defendant's "current financial situation and future prospects," including his pre-prison income of $17,000, and departed downward from the guideline range of $10,000 to $100,000. *United States v. Long*, 122 F.3d 1360,

1366 n.9, 1367 (11th Cir. 1997); *see also United States v. McGuinness*, 451 F.3d 1302, 1308 (11th Cir. 2006) (holding that the district court did not clearly err by imposing a low-end guideline range fine of $4,000 where the defendant failed to establish present and future inability to pay and admitted to possessing hidden assets).

By contrast, in *Rowland*, where the defendant had only $8,000 in assets, earned between $100 and $125 per week, had child support obligations, and was appointed counsel due to indigency, we vacated and remanded the district court's order imposing a $50,000 fine based solely on the $35,000 found on the defendant's person—and seized by police as drug proceeds—at the time of his arrest because there was "no other evidence that [he] [would be] able to pay a fine of this magnitude, either immediately or in the future." *Rowland*, 906 F.2d at 623-24; *and see United States v. Paskett*, 950 F.2d 705, 709 (11th Cir. 1992) (vacating and remanding a $100,000 fine based solely on the $1 million found in the defendant's bedroom during a search for evidence of money laundering, where the record contained insufficient evidence of her ability to pay a fine of that magnitude).

First, the record here demonstrates that the district court implicitly considered the § 5E1.2(d) factors, including the burden a fine would cause, before

imposing a fine of $3,000, which fell substantially below the guideline range of $10,000 to $1,000,000. Second, evidence in the record concerning Collins's education and finances, including her lengthy earnings history, suggests that she had the ability to pay such an amount over time. Accordingly, we conclude that the district court did not commit plain error, and we affirm Collins's sentence.

**AFFIRMED.**