[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 06, 2010
JOHN LEY
CLERK

No. 09-13879
Non-Argument Calendar
_____

D. C. Docket No. 09-00003-CR-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIX MENA-VALENZUELA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 6, 2010)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Felix Mena-Valenzuela appeals his 52-month sentence and $2,000 fine imposed pursuant to his conviction for illegal reentry after deportation for a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2). Mena-Valenzuela raises two issues on appeal. First, he asserts his sentence is unreasonable because the district court did not properly consider the statutory factors in fashioning a prison sentence that was "sufficient, but not greater than necessary" to fulfill the goals of 18 U.S.C. § 3553(a). Second, he contends the district court erred in imposing a $2,000 fine despite his inability to pay it. After review, we affirm the district court.

## I. REASONABLENESS OF THE TERM OF IMPRISONMENT

Mena-Valenzuela claims the district court failed to properly consider his personal characteristics and circumstances in imposing a sentence of 52 months' imprisonment. He claims his impoverished background and his desire to support his dependents living in Mexico entitled him to a downward variance in sentence. Mena-Valenzuela further contends, for the first time on appeal, the district court erred in failing to consider his criminal history was subject to double-counting under the Sentencing Guidelines.

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 592 (2007). The burden of

2

establishing unreasonableness lies with the party challenging the sentence. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

When reviewing a sentence for reasonableness, we evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing under 18 U.S.C. § 3553(a). *Id.* Reasonableness review is deferential, and if a district court imposes a sentence within the advisory Guidelines range, "we ordinarily will expect that choice to be a reasonable one." *Id.* "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468 (2007). A sentencing judge is not required to expressly discuss each of the § 3553(a) before imposing sentence. *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and [the statutory factors] is sufficient under *Booker*." *Talley*, 431 F.3d at 786.

Mena-Valenzuela's mid-Guidelines-rage sentence is reasonable. Prior to imposing the sentence, the court properly considered the arguments presented by the parties, the advisory Sentencing Guidelines, and the findings in the PSI informing the statutory factors. Additionally, Mena-Valenzuela's double-counting

3

argument is foreclosed by precedent, *see United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992) (upholding double counting under § 2L1.2(b)(1)). Because Mena-Valenzuela has not shown it incarceration period is unreasonable, we affirm the imposed sentence.

## II. REASONABLENESS OF THE FINE IMPOSED

Mena-Valenzuela claims the district court erred by imposing a fine of $2,000 because he claims he is unable to pay the fine and a fine would burden his dependents in Mexico. Mena-Valenzuela also contends the record is insufficient to show the district court considered any of the relevant factors before imposing the fine.

We review a district court's determination of an appropriate fine for clear error. *United States v. Rowland*, 906 F.2d 621, 623 (11th Cir. 1990). The Sentencing Guidelines state a district court "*shall* impose a fine in all cases, *except where the defendant establishes* that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a) (emphasis added). Thus, the burden is on the defendant to prove his inability to pay a fine. *United States v. Hernandez*, 160 F.3d 661, 665 (11th Cir. 1998). If a defendant establishes he is unable to pay a fine or that the fine would burden his dependents, the court may waive the fine or impose a lesser fine. U.S.S.G. § 5E1.2(e).

When a district court decides that a fine is appropriate, it must consider the factors in § 5E1.2(d) to determine the amount of the fine. *Hernandez*, 160 F.3d at 665. A district court is not required to make specific findings for each of these factors. *Id.* at 665–66. However, "the record must contain sufficient information with respect to the seven factors to permit us to find that the district court did not clearly err in imposing or setting the amount of the fine." *United States v. Khawaja*, 118 F.3d 1454, 1459 (11th Cir. 1997). If the PSI presented information with respect to the factors, and the district court reviewed the PSI prior to imposing the fine, we will "infer without hesitation that the district court considered the pertinent factors prior to imposing the fine." *Id.*

Because the PSI contained information relevant to the § 5E1.2(d) factors, we infer that the district court considered the factors before imposing the fine, which was far below the Guidelines range of $7,500 to $75,000. Prior to imposing the fine, the district court specifically noted Mena-Valenzuela's agreement to pay $2,000 to a coyote to illegally smuggle him into the country as well as his admission that he had been able to send excess wages home to his family while working in the United States. Because the record cited by the district court indicated Mena-Valenzuela had the means to pay the fine at the amount set, and because Mena-Valenzuela presented no evidence as to his inability to pay the

5

below-Guidelines range fine, Mena-Valenzuela did not meet his burden of proof in demonstrating the fine was unreasonable. The district court did not commit clear error in imposing the fine, and we accordingly affirm the imposition of the fine.

**AFFIRMED.**