[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13236
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00003-WCO-SSC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BACILIO HERNANDEZ-GUEVARA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 23, 2011)

Before EDMONDSON, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Bacilio Hernandez-Guevara appeals his 48-month sentence and $1000 fine imposed for illegally re-entering the United States after having been deported as an aggravated felon, 8 U.S.C. § 1326(a) and (b)(2). No reversible error has been

shown; we affirm.

On appeal, Hernandez-Guevara argues that his sentence procedurally is unreasonable because the district court failed to explain its reasons for imposing the sentence or to state that it had considered his arguments and the factors set forth in 18 U.S.C. § 3553(a). Because he did not object to the procedural reasonableness of his sentence, we review only for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). A sentence may be procedurally unreasonable if the district court fails to consider the factors set forth in section 3553(a) or to explain adequately the chosen sentence.[1] United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008). The district court, however, is not required to discuss or to state each factor explicitly. Id. at 1324.

That the district court considered Hernandez-Guevara's arguments and the section 3553(a) factors in imposing his sentence is clear from the record. At the sentencing hearing, the court stated that the sentence was reasonable in the light of the "circumstances of the case" and Hernandez-Guevara's "prior [criminal] record," and noted that the sentence was at the low end of the guideline range.

---

[1]Under section 3553(a), a district court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, the defendant's medical and educational needs, the advisory guideline range, the Sentencing Commission's policy statements, and the need to avoid unwarranted sentencing disparities and provide restitution. See 18 U.S.C. § 3553(a)(1)-(7).

Thus, the sentence expressly considered the nature and circumstances of the offense, the defendant's history and characteristics, and the advisory guideline range. See 18 U.S.C. § 3553(a)(1), (4). The court's consideration of Hernandez-Guevara's criminal record also implicated the need for the sentence imposed to promote respect for the law, afford adequate deterrence, and protect the public from further crimes. See 18 U.S.C. § 3553(a)(2). Thus, Hernandez-Guevara has failed to demonstrate that the district court plainly erred.

Hernandez-Guevara also argues that his sentence substantively is unreasonable because the court failed to consider properly various mitigating factors. We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Hernandez-Guevara failed to satisfy his burden of proof. First, his 48-month sentence is at the low end of the 46 to 57-month advisory guideline sentence range; and we ordinarily expect such a sentence to be reasonable. See id. at 787-88 (concluding that, although not per se reasonable, "ordinarily we would expect a sentence within the Guidelines range to be

3

reasonable"). His sentence is also well below the 20-year statutory maximum sentence for his offense. See Gonzalez, 550 F.3d at 1324 (concluding that the reasonableness of a sentence may also be indicated when the sentence imposed was well below the statutory maximum sentence).

Given Hernandez-Guevara's prior criminal record -- including convictions for smuggling aliens, driving under the influence, and simple battery, which resulted in two earlier deportations -- a sentence within the guideline range was needed to promote respect for the law, to provide just punishment, and to deter him from further criminal activity. Although he asserts that the court failed to consider properly various mitigating factors, the weight to be given a particular factor is left to the sound discretion of the district court, absent a clear error of judgment. See United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). Because we see no such error, Hernandez-Guevara failed to demonstrate that his sentence was substantively unreasonable.

Hernandez-Guevara also argues that the district court erred when it ordered him to pay a fine and failed to discuss the factors set out in U.S.S.G. § 5E1.2 in setting the amount of the fine. In particular, he contends that the court did not consider adequately his unemployment, lack of "discernable skills," lack of assets,

4

and his role as the sole provider for his wife, children, father, and grandparents.[2]

We review the district court's decision to impose a fine for clear error. United States v. Rowland, 906 F.2d 621, 623 (11th Cir. 1990). The Sentencing Guidelines require a fine in all cases unless "the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). If the defendant satisfies this burden of proof, or proves that the fine would have an undue burden on his dependents, the court may waive the fine or impose a fine below the guideline range. U.S.S.G. § 5E1.2(e). Once the court concludes that a fine is appropriate, it must consider several factors in setting the amount of the fine, including the following factors relevant to this appeal: (1) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence; (2) the defendant's ability to pay the fine; (3) the burden the fine would place on the defendant's dependents; and (4) any collateral consequences of conviction. U.S.S.G. § 5E1.2(d). The district court is not required to make specific findings on each of these factors so long as "the record contains sufficient information with respect to the . . . factors to permit us to find that [it] did not clearly err in

---

[2]Contrary to Hernandez-Guevara's assertions that he lacks "discernible skills" and is the sole provider for his family, the record demonstrates that he has been successfully self-employed as a musician and artist and that his wife works at a poultry plant.

imposing or in setting the amount of the fine." United States v. Lombardo, 35 F.3d 526, 530 (11th Cir. 1994).

Even if we assume -- based on his current unemployment, lack of assets, and use of appointed counsel[3] -- that Hernandez-Guevara is presently unable to pay a fine, he did not satisfy his burden of establishing that he would be unable to pay a fine in the future. First, he did not object to the conclusion in the Presentence Investigation Report ("PSI") -- adopted by the district court -- that, although he was unable to pay a fine within the guideline range, "he may be able to contribute toward a fine while incarcerated."[4] See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) (concluding that a defendant who "fail[s] to object to allegations of fact in the PSI admits those facts for sentencing purposes"). In addition, although he testified at the sentencing hearing that he grew up in a poor village and owned a house worth only $500 in Mexico, that he has been a self-employed musician and artist for most of his life, recently earning

_____

[3]That a defendant is represented by appointed counsel is considered a "significant indicator" of his present inability to pay a fine. U.S.S.G. § 5E1.2, comment. (n.3).

[4]The government concedes that the district court relied on the mistaken belief that Hernandez-Guevara would be able to earn money in a prison work program, noting that alien criminal defendants are not eligible for such programs. Because Hernandez-Guevara did not raise that issue on appeal, however, it is abandoned. See United States v. Curtis, 380 F.3d 1308, 1310 (11th Cir. 2004).

between $1500 and $2000 per month was evidenced.

Because the PSI contained information relevant to the section 5E1.2(d) factors, and the district court reviewed it before sentencing, "we infer without hesitation that the district court considered the pertinent factors prior to imposing the fine," and it was not required to expressly address each one. See United States v. Khawaja, 118 F.3d 1454, 1459 (11th Cir. 1997); Lombardo, 35 F.3d at 530. For instance, the PSI included information about Hernandez-Guevara's criminal history, education, employment history, financial condition, dependents, and possible deportation following his imprisonment. In the light of these factors, the district court imposed a fine of only $1000, which was well below the guidelines range of $7500 to $75,000. Although this fine will no doubt burden Hernandez-Guevara, the Sentencing Guidelines provide that "[t]he amount of the fine should always be sufficient to ensure that the fine . . . is punitive." U.S.S.G. § 5E1.2(d). We see no clear error.

AFFIRMED.