[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10752
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00199-SCJ-JFK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWIGHT GIBSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 8, 2018)

Before MARTIN, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Dwight Gibson pled guilty to possession of a firearm by a convicted felon, *see* 18 U.S.C. § 922(g)(1), and distribution of cocaine, *see* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). At his sentencing hearing, the district court adopted the findings and recommendations in the presentence investigation report and, after applying a four-level enhancement pursuant to U.S.S.G. §2K2.1(b)(6)(B), sentenced Mr. Gibson to 108 months' imprisonment on each count, to be served concurrently. The district court also imposed a $20,000.00 fine after learning that Mr. Gibson had $40,000.00 in his prison inmate account, which he obtained from the sale of his landscaping equipment. On appeal, Mr. Gibson challenges both the district court's application of a four-level sentencing enhancement under § 2K2.1(b)(6)(B) and the $20,000.00 fine. After review, we affirm.

## I

Beginning in 2015, a confidential informant reported to the Bureau of Alcohol, Tobacco, and Firearms that Mr. Gibson was involved in criminal activity. The CI, after being involved in different drug and firearms transactions with other individuals, saw Mr. Gibson outside of a hotel room on November 12, 2015. She told him that she would like to purchase a firearm, to which he agreed.

On January 5, 2016, the CI arrived at the hotel but did not find Mr. Gibson. She sent him a text message but he did not respond. Later that day, Mr. Gibson

called the CI and told her that he was looking for another firearm and would contact her when he found one.  On January 14, 2016, the CI met with ATF agents at a staging location to purchase a firearm and some cocaine from Mr. Gibson.  She was instructed to call him and let him know that she would be at the hotel in 15-20 minutes.  Mr. Gibson asked her if she was going to pick up the guns, and she said yes.

Upon her arrival, the CI spoke with Mr. Gibson, who said he was trying to get in touch with the person who had the two firearms they had discussed.  Mr. Gibson told the CI how many firearms he had, described them, and told her where some of them were located.  At one point, Mr. Gibson pointed to the other room and told the CI that he had a firearm there.  The CI then told Mr. Gibson she also needed $100 worth of cocaine.  Mr. Gibson drove away and returned with a firearm loaded with seven rounds.  After a brief conversation about the price of the gun, the CI handed $600 to Mr. Gibson, who then gave her the firearm.                Mr. Gibson then went to the other side of the room and instructed a child to retrieve a bag of cocaine from a drawer.  Mr. Gibson weighed the cocaine and provided it to the CI.

Mr. Gibson was charged in an indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  He pled guilty to both

3

charges, and the district court imposed a sentence of 108 months' imprisonment and a $20,000.00 fine.  Mr. Gibson appealed.

## II

We review a district court's legal interpretation of the Sentencing Guidelines *de novo* and its factual determinations under the Sentencing Guidelines for clear error.  *See United States v. Carrillo-Ayala*, 713 F.3d 82, 87 (11th Cir. 2013).  Under clear error review, we will not disturb a district court's factual findings unless we are left with "a definite and firm conviction that a mistake has been committed." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).  A finding that a defendant possessed a firearm in connection with another felony offense under § 2K2.1(b)(6)(B) is a finding of fact reviewed for clear error.  *See United States v. Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995).

## A

Mr. Gibson first contends that the district court erred in applying an enhancement under U.S.S.G. § 2K2.1(b)(6)(B), which provides for a four-level enhancement when an offender is in possession of a firearm in connection with another felony offense. He argues that the facts were insufficient to find that he possessed a firearm "in connection" with another felony offense.  He also argues that the district court applied the wrong legal standard in applying the enhancement by determining that it "[could not] find . . . that it's improbable there is a connection

between the firearm and the drugs," instead of finding, by preponderance of the evidence, that the firearm had facilitated the drug sale. In any case, he claims, his possession of a firearm was incidental and did nothing to facilitate the drug sale to the CI.

Under § 2K2.1(b)(6)(B), a defendant's offense level may be increased by four levels if he "[u]sed or possessed any firearm or ammunition in connection with another felony offense[.]" The commentary to the sentencing guidelines further provides that when a case involves "a drug trafficking offense in which a firearm is found in close proximity to the drugs, drug-manufacturing materials, or drug paraphernalia," a four-level increase "is warranted because the presence of the firearm has the potential of facilitating another felony offense." U.S.S.G. § 2K2.1, cmt. n. 14(B). *See also United States v. Wright*, 607 F.3d 708, 712 (11th Cir. 2010) (explaining that "[c]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative" unless it is unlawful) (alterations adopted).

Mr. Gibson argues that proximity alone cannot establish that he used a firearm in connection with the drug sale under § 2K2.1(b)(6)(B). He says we should interpret § 2K2.1(b)(6)(B)'s "in connection with" language as requiring a showing that the firearm facilitated the drug sale. But Mr. Gibson was charged with drug distribution, which qualifies as a "drug trafficking offense" and triggers the application of Application Note 14(B)'s close proximity standard. *See* § 2L1.2 cmt.

n.2 (including, in its definition of "drug trafficking offense," a law that "prohibits the . . . distribution . . . of a controlled substance."). *See also United States v. Young*, 811 F.3d 592, 596—601 (2nd Cir. 2016) (acknowledging cocaine dealing as a drug trafficking offense under § 2K2.1(b)(6)(B)).

"Our case law and the Commission's application are consistent: A firearm found in close proximity to drugs or drug-related items simply '*has*'—without any requirement for additional evidence—the potential to facilitate the drug offense." *Carrillo-Ayala*, 713 F.3d at 92 (emphasis in original). *Accord United States v. Clinton*, 825 F.3d 809, 812 (7th Cir. 2016) ("If a firearm is found in close proximity to the drugs or its paraphernalia, the conclusion that the firearm is connected to that drug activity is a reasonable one in light of the common use for that purpose . . . . It is the close proximity that allows the court to find such a connection without any further evidence—the proximity alone provides the evidence that the two are connected."); *United States v. Chadwell*, 798 F.3d 910, 917 (9th Cir. 2015) (upholding application of § 2K2.1(b)(6)(B) enhancement when two firearms were found in the car from where defendant sold drugs, considering that the two guns "emboldened him to undertake his illicit drug sales."). As a result, the inquiry is not to what extent the firearm facilitated Mr. Gibson's drug trafficking offense, but whether the firearm was in close proximity and thus facilitated it.

6

The answer here is yes.  At the beginning of the sale, Mr. Gibson possessed both the firearm and the drugs.  Moreover, as the district court found, "there [was] a nexus between [the firearm and the drugs], drugs being in the room along with the firearm[.]"  D.E. 29 at 20.  Mr. Gibson attempts to portray the transactions as two separate incidents, but the undisputed facts show that Mr. Gibson possessed and sold both a firearm and cocaine to the CI during the same visit.  Because § 2K2.1(b)(6)(B)'s "in connection with" enhancement requires evidence of close proximity between the firearm and the drug trafficking offense—and not of the extent to which the firearm facilitated the drug trafficking offense—we find no clear error.

**B**

Mr. Gibson also challenges the $20,000.00 fine imposed by the district court. He argues that the district court did not afford him an adequate opportunity to respond to the government's notice at the sentencing hearing of its awareness about the $40,000.00 he had in his inmate account, in violation of Fed. R. Crim. P. 32(i)(3)(B) and his due process rights.  And he further argues that the district court failed to consider the required factors listed in 18 U.S.C. § 3572 and U.S.S.G. § 5E1.2 before imposing the fine.

**1**

We reject Mr. Gibson's due process argument that he was not afforded an "adequate opportunity" to respond to the government's introduction of the existence of money in his inmate account. Mr. Gibson knew about the existence of the $40,000.00 in his account and did not disclose that sum to the probation officer. *See* D.E. 29 at 60. Likewise, the existence of those assets is undisputed because, following the introduction by the government of such evidence, Mr. Gibson confirmed that he possessed the money. *See id.* Mr. Gibson's due process contention fails because he cannot show that he was not given an "adequate opportunity" to respond to information already known to him.

We note, as well, that Mr. Gibson did not properly object to the late disclosure of the money in his inmate account at his hearing. Mr. Gibson's attorney, in response to the government's request for a fine, "ask[ed] simply that [the district court] not apply the full $40,000." D.E. 62 at 9. After the imposition of the fine, Mr. Gibson's attorney noted "for purposes of the record" that "the government could have noted [the money in Mr. Gibson's account] in the presentence report without having to hear it from [Mr. Gibson]," and that if it had been included earlier, it would have avoided "the level of discomfort that it [ ] created within the court." D.E. 62 at 16–22. Mr. Gibson's attorney, "solely on that basis, [added] that objection for the record." D.E. 62 at 22–23. Because Mr. Gibson "fail[ed] to clearly articulate the

8

grounds for an objection," we review only for plain error. *See United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006). We may correct a plain error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Gonzalez*, 834 F.3d 1206, 1218 (11th Cir. 2016). On this record, we find no such error.

## 2

Both of the statutes under which Mr. Gibson was sentenced, 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841, permit a fine ranging from $20,000.00 to $1,000,000.00. Under 18 U.S.C. §§ 3553(a) and 3572, the district court must consider certain factors when determining whether to impose a fine, its amount, and the time and method of payment. The Sentencing Guidelines generally require the district court to impose a fine unless the defendant establishes that he is unable to pay a fine and is unlikely to become able to pay. *See* U.S.S.G. § 5E1.2(a).

Once a district court determines that a fine is appropriate, it must consider the factors listed in § 5E1.2(d) to determine the amount of the fine. *See United States v. Hernandez*, 160 F.3d 661, 665 (11th Cir. 1998). These factors include (1) the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the

law, to provide just punishment and to afford adequate deterrence; (2) any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources; (3) the burden that the fine places on the defendant and his dependents relative to alternative punishments; (4) any restitution or reparation that the defendant has made or is obligated to make; (5) any collateral consequences of conviction, including civil obligations arising from the defendant's conduct; (6) whether the defendant previously has been fined for a similar offense; (7) the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed; and (8) any other pertinent equitable considerations. *See* U.S.S.G. § 5E1.2(d)(1)–(8).

Mr. Gibson did not object to the district court's alleged failure to consider the relevant factors, so we again review for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir.2014) (stating that when a party does not clearly articulate an objection on procedural grounds at the time of sentencing, plain error review is appropriate). We "do not require the sentencing court to make specific findings of fact with respect to the Sentencing Guidelines factors as long as the record reflects the district court's consideration of the pertinent factors prior to imposing the fine." *United States v. Gonzalez*, 541 F.3d 1250, 1256 (11th Cir. 2008) (quoting *United States v. Hernandez*, 160 F.3d at 665–666 (quotations and alteration

omitted)).  Yet, "when the record provides no guidance as to the court's reason(s) for imposing a fine, we must remand the case so that the necessary factual findings can be made."  *United States v. Rowland*, 906 F.2d 621, 624 (11th Cir. 1990).

The record here shows that although the district court did not explicitly reference the § 5E1.2(d) factors, it did consider at least some of those factors before imposing the fine.  After hearing arguments both from the government and Mr. Gibson, the district court addressed Mr. Gibson directly and explained the reasons leading to his sentence.  For example, the district court acknowledged that "these [were] serious crimes[,]" D.E. 29 at 64, that Mr. Gibson had a "lack of respect . . . for the law[,]" *id.*, and that ". . . deterrence had not been shown by the fact that [Mr. Gibson] just ke[pt] coming back."  *Id.  See* § 5E1.2(d)(1).  The district court also considered evidence presented as to Mr. Gibson's ability to pay the fine after expressly asking his attorney if Mr. Gibson held $40,000.00 in his inmate account, and if the money in question had already been deposited in the commissary account by September 16, 2016.  D.E. 29 at 60.  *See* § 5E1.2(d)(2).

Furthermore, the district court considered the burden that a fine could place on Mr. Gibson and his dependents, *see* § 5E1.2(d)(3), but was unpersuaded after hearing from Mr. Gibson that—despite claiming that he provided assistance to his 12 children—the government provided health insurance for them.  *See* D.E. 29 at 51, 56.  Finally, the district court considered the expected costs of Mr. Gibson's term

of imprisonment and term of supervised release under § 5E1.2(d)(7) when it noted that the "cost of confinement annually is $31,976.00 . . . [and the] . . . cost of supervision annually is $4,097.00." D.E. 29 at 42–43.

In sum, the district court did not commit plain error by imposing the $20,000.00 fine on Mr. Gibson. The record shows sufficient consideration of the § 5E1.2 factors. *See Gonzalez*, 541 F.3d at 1256.

## III

In reviewing the record, we have determined that Mr. Gibson's written judgment contains a scrivener's error. We may *sua sponte* raise the issue of clerical errors in a judgment and remand with instructions that the district court correct them. *See United States v. Reeves*, 742 F.3d 487, 507 n.12 (11th Cir. 2014) (citing *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006)). Count Two of the written judgment reads that Mr. Gibson was convicted for "Distribution of Cocaine" under 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* D.E. 46. This should be corrected to reflect that his conviction for the offense of distribution of cocaine was in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The corrections of these clerical errors "would not prejudice [Mr. Gibson] in any reversible way." *United States v. Diaz*, 190 F.3d 1247, 1252 (11th Cir. 1999).

## IV

For the foregoing reasons, we affirm Mr. Gibson's sentence and we remand exclusively for the correction of Mr. Gibson's written judgment.

**AFFIRMED IN PART AND REMANDED IN LIMITED PART.**