[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16352
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00040-CR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILIO ANTUNEZ-REBOLLAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 16, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Emilio Antunez-Rebollar appeals his 20-month sentence and $1,000 fine

imposed after he pled guilty to being an illegal alien who re-entered the United

States after being deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

## I. Fine

Antunez-Rebollar argues that the district court failed to articulate a basis for

its arbitrary conclusion that he, while unable to pay the guideline fine of $5,000 or

more, was able to pay the amount of $1,000. Antunez-Rebollar claims that the

district court misunderstood his inability to earn money while in prison and then

neglected other relevant factors, namely, his lack of earning power in Mexico and

the harsh impact of the fine on his wife and three children. Antunez-Rebollar also

argues that the district court erred in determining that he would be able to earn

enough money to pay a fine following his release from prison as, once he is

deported, the little money he may earn in Mexico with his second-grade education

will be spent in support of his wife and children.

We review the district court's imposition of a fine for clear error. *United

States v. Lombardo*, 35 F.3d 526, 527 (11th Cir. 1994). The district court "shall

impose a fine in all cases, except where the defendant establishes that he is unable

to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a).

In determining whether to impose a fine and the amount and method of its

payment, the district court shall consider the § 3553(a) factors as well as

(1) the defendant's income, earning capacity, and financial resources;

(2) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose;

(3) any pecuniary loss inflicted upon others as a result of the offense;

(4) whether restitution is ordered or made and the amount of such restitution;

(5) the need to deprive the defendant of illegally obtained gains from the offense;

(6) the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence;

18 U.S.C. § 3572(a). A defendant who "failure[s] to object to allegations of fact in a PSI admits those facts for sentencing purposes." *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).

The district court relied heavily on the mistaken belief that Antunez-Rebollar would be able to earn money in a prison work program[1]; however, this error does not amount to clear error because Antunez-Robellar has not met his burden of establishing that "he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). Although the Defendant generally objected to

---

[1] Because an alien criminal defendant serving a sentence of imprisonment is not eligible to work in a federal prison industry, the Defendant will be unable to earn money during his prison sentence.

the fine, he did not make any specific arguments regarding his alleged inability to pay. Moreover, he failed to object to the statement in the PSI that "he may be able to contribute toward a fine on an installment basis while serving his period of incarceration." Thus, he effectively admitted that fact, and the district court did not clearly err by taking that fact into account in imposing the fine.

In sum, the district court did not clearly err in imposing a $1,000 fine because Antunez-Rebollar did not establish that he was unable to pay and would not likely become able to pay any fine.

## II. Substantive Reasonableness

Antunez-Rebollar argues that his sentence is substantively unreasonable because it was greater than necessary to satisfy the factors set forth in 18 U.S.C. § 3553(a). He also argues that his guideline range was manifestly unreasonable because it was based almost entirely on a 15-year-old drug conviction–a conviction that because of its age did not warrant any criminal history points under the guidelines. Antunez-Rebollar points out that his 12-level enhancement for this prior conviction resulted in a punishment as severe as that applied to illegal re-entry defendants who have committed serious crimes much more recently. He also argues that his base offense level, before the enhancement for his prior drug conviction, fully captured his act of illegally re-entering the country and that his

4

prior conviction was so far in the past as to be irrelevant to measure his present dangerousness or culpability. Finally, Antunez-Rebollar claims that because he is now a working, family man, the district court's 20-month sentence serves no valid purpose.

We consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The Supreme Court has suggested that such review entails determining whether the sentence is supported by the § 3553(a) factors. *Id.* at 56, 128 S. Ct. at 600. Where the district court imposes a within-guidelines sentence, it need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). There is a "range of reasonable sentences from which the district court may choose," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect

the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a).

Antunez-Rebollar did not establish that his sentence was unreasonable in light of either the record or the 18 U.S.C. § 3553(a) factors. The purpose of the enhancement under U.S.S.G. § 2L1.2(b)(1) is to deter aliens from re-entering the United States. *See United States v. Adeleke*, 968 F.2d 1159, 1160 (11th Cir. 1992). The record shows that in reach the sentencing decision, the district court considered the need to deter Antunez-Rebollar from reentering the United States, the need to avoid unwarranted sentencing disparities, and the applicable advisory guideline range. Thus, the district court did not abuse its discretion in sentencing Antunez-Rebollar to 20 months' imprisonment.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**[2]

---

[2]     Appellant's request for oral argument is DENIED.